# Drennen Co. v. Jordan.

### Action for Personal Injury.

(Decided April 17, 1913. 61 South. 938.)

1. *Master and Servant; Independent Contractor; Liability; Danger.*—The work of calcimining interior walls, where they can be reached with an ordinary stepladder, is not so inherently dangerous as to render the owner liable for the negligence of a servant of an independent contractor doing the work in tipping a bucket of calcimine from an insecurely fastened stepladder, causing the calcimine to break through a window and fall, with glass, on a passerby on the outside; the expression "danger" means only some contingent harm which might be reasonably foreseen and guarded against, and not a mere possibility of acicdent.

2. *Same; Liability to Master.*—Where the work being done by an independent contractor was the calcimining of interior walls, which could be reached with an ordinary stepladder, the building, because it contained opened and unguarded windows, was not so dangerous as to render the owner liable for an accident caused by the carelessness of a servant of the independent contractor doing the work which resulted in the calcimine going through the window on to a passerby below.

[Drennen Co. v. Jordan.]

3. *Negligence; Ordinance; Construction.*—A municipal ordinance providing that builders, architects or owners of premises, which are being improved above one story, shall erect a temporary shed to protect the passersby on the sidewalk, does not require an owner of a building having interior walls decorated to erect such shed, since the courts strive to construe an ordinance so as to give a reasonable effect to the objects and purposes intended.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Mrs. M. C. Jordan against the Drennen Company, for damages received by the falling of calcimine and glass upon her from the interior of defendant's store. Judgment for plaintiff and defendant appeals. Reversed and remanded.

J. T. STOKELEY, and R. H. SCRIVNER, for appellant. Counts 1 and 5 were subject to the demurrer interposed.—*St. L. & S. F. R. R. Co. v. Sutton*, 55 South. 989. The third and fourth counts as amended failed to charge any negligence at all, as the city ordinance made the basis of those counts was without application to the work being done upon the building in question. The court was in error in permitting plaintiff to introduce in evidence the contract between defendant and Bostwick for the erection of the store.—*Long v. K. C. M. & B.*, 54 South. 62. The defendant was entitled to the general affirmative charge as to counts 3, 5 and 6.— *So. Ry. v. Lewis*, 51 South. 863; 36 Am. Rep. 320; 56 Am. Rep. 117; 26 S. E. 386. The court should have given the charges requested as to the liability of defendant for the carelessness of the servant of an independent contractor.—*Harris v. McNamara, supra; Dallas Mfg. Co. v. Towne*, 148 Ala. 136.

MORRIS LOVEMAN, and F. E. BLACKBURN, for appellee. Counsel discuss the evidence and insist that the court was not in error in its rulings, but they cite no

authority. They further insist that there was no error in the rulings on the pleadings or in refusing charges relative to the servants of the independent contractor. —*City of B'ham v. McCrary,* 4 South. 630; *Mont. St. Ry. v. Smith,* 39 South. 757; *So. Ry. v. Lewis,* 51 South. 746; 57 N. Y. 567; Wood on Master & Servant 616; *L. & N. v. Donovan,* 4 South. 142; *Mayer v. Thompson Bldg. Co.,* 104 Ala. 611. Counsel discuss the other assignments, but without further citation of authority.

SAYRE, J.—Appellee recovered judgment against the appellant corporation. The relation of the parties and the circumstances in which plaintiff received her injuries were these: The Drennen Company, a mercantile corporation, had let to an independent contractor a contract for the erection of its storehouse on a much frequented street in the city of Birmingham. The contractor had completed the building and had removed temporary structures placed around the outside of the building for the protection of pedestrians on the sidewalk while the storehouse was building. Defendant had accepted the building as complete, had moved in its stock of goods, and was selling them in the ordinary way of retail trade. Shortly afterwards some splotches or discolorations appeared on the walls of the second floor, and defendant employed another independent contractor to give the walls a coat of calcimine. This contractor employed workmen to do the work, and one of these carelessly ascended a stepladder which was not properly spread, and so tipped a bucket of the stuff he was applying over against a window, breaking the glass and precipitating a part of the contents of the bucket and some broken glass upon the sidewalk below, where plaintiff received some of the calcimine upon her

clothing and in one of her eyes. She was not injured by the falling glass.

That the work was being done by servants of an independent contractor is not denied  But the appellee insists, in line with the trial court's treatment of the case, that it was competent for the jury to hold defendant corporation liable, notwithstanding its employment of an independent contractor, for either one of several reasons, to wit:  The work to be performed was of such character that, however skillfully done, its performance was necessarily and intrinsically dangerous; or defendant failed to discharge its legal duty to keep its premises in a safe condition; or it violated the municipal ordinance in evidence, requiring, under penalty, that where a house, structure, or improvement extends above one story, "it shall be the duty of the builders, architect, or owner, to erect a temporary shed or structure over the sidewalk adjacent to which said improvement is being made, with a roof of sufficient strength to resist the force of all material which may fall from the walls of said improvement as the work progresses and will protect those passing along such sidewalk."

We are clear in the conclusion that none of these principles affected this case as against defendant. It seems hardly necessary to do more than state the proposition, covering, at once appellee's first two contentions severally and collectively, that to paint the inside walls of a building, where they may be reached from an ordinary stepladder, is not to engage in the performance of a work necessarily and intrinsically dangerous to any one, certainly not to pedestrians along the streets below. "Danger" is a relative term. In the general law of negligence it includes such contingent harm or injury as reasonable prudence ought to foresee and provide against as probably in prospect. In the exercise of due

care men must be guided by those considerations which ordinarily regulate the conduct of human affairs. "If men went about to guard themselves against every risk to themselves or others which might by ingenious conjecture be conceived as possible, human affairs could not be carried on at all. The reasonable man, then, to whose ideal behavior we are to look as the standard of duty, will neither reject what he can forecast as probable, nor waste his anxiety on events that are barely possible."—*Southern Ry. Co. v. Carter*, 164 Ala. 110, 51 South. 149. In the case at hand the defendant had the right to avoid responsibility for the manner in which its work was to be performed by remitting all consideration of that to its contractor, unless the work involved intrinsic danger, however skillfully performed.—*Montgomery St. Ry. Co. v. Smith*, 146 Ala. 316, 39 South. 757. No only was the work to be performed not intrinsically—that is, essentially, necessarily, or constitutionally—dangerous, but it was not even apparently or probably so, if skillfully performed.

As for the condition of the premises, no rule of due care required that defendant's building should be so constructed as to prevent the possibility of an accident, such as that shown by the evidence, and we think a casual inspection of any thousand widows in the mercantile and other business houses of our cities will demonstrate this to be the common understanding. Plaintiff's misfortune is to be taken as having resulted from the negligence of the workman, not the condition of the building. If the workman had been the servant of defendant, it would perhaps be liable; but, since he was. the servant of an independent contractor, no principle of general law attaches responsibility to defendant.

On the facts shown, the ordinance imposed no duty on defendant. It must be construed reasonably and in

connection with the purposes it was intended to serve. "The courts should strive so to construe a by-law as to give reasonable effect to the object aimed at."—McQuillin, Mun. Ord. § 289. It has been said that they should be "benevolently" interpreted.—*Kruse v. Johnson,* 2 Q. B. 91. This ordinance was designed to protect people in the street against danger from the falling of objects which the operations of constructing or improving buildings might require to be handled above the street. Due care, without legislative command, would suggest the same or some equivalent precaution. The ordinance re-enforced the rule of due care and established the necessity of a particular precaution. But the particular precaution was not required with a view to such extraordinary occurrences as that here shown. If, in order to meet the exigencies of a case like this, the ordinance be given the meaning and effect for which appellee contends, and which obtained in the court below, if temporary sheds are to be constructed to guard against the bare possibility that a workman engaged in making repairs with a pot of paint and a brush on the inside of a building, whose work does not require him to touch the walls on the outer side nor to pass his tools and materials over the heads of people on the street, may negligently allow something to drop through a window from the inside, it would result that the owners of buildings would be required to look far beyond the range covered by the provision of reasonable men in general; and, besides, it would result that streets would be well-nigh continually cluttered, disfigured, and obstructed by "temporary" structures. But we feel sure, construing the ordinance reasonably, that such was not its purpose or effect. The ordinance ought not to have been allowed to figure in the case.

On the undisputed facts, defendant was entitled to the general charge, and its refusal was error which obviates the necessity of considering other assignments.

Reversed and remanded. All the Justices concur. except DOWDELL, C. J., not sitting.