## ETTEN v. KAUFFMAN et al.

### No. 10013.

United States Court of Appeals Third Circuit.

Argued Jan. 5, 1950.

Filed Jan. 10, 1950.

Ralph Hammar, Erie, Pa., for appellant.

Charles F. Meroni, Chicago, Ill. (Carlton Hill, Chicago, Ill., Isaac J. Silin, Erie, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and MARIS and KALODNER, Circuit Judges.

PER CURIAM.

The appeal at bar was taken from a judgment of the court below declaring patent No. 2,406,951 to be void and granting certain other relief to Etten which need not be detailed here. The judgment of the court, however, did not dispose of the counterclaim filed by the defendant and of all the issues raised by the plaintiff's assertion that the defendants were engaged in a conspiracy which damaged the plaintiff.

Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides: "When more than one claim for relief is presented in an action, whether as a claim [or] counterclaim, * * * the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claim."

In the instant case the court below did not enter a final judgment upon all the claims and did not make the determination required by Rule 54(b). It follows that under the circumstances the judgment appealed from is not a final judgment. We therefore must dismiss the appeal. Should, however, the court below see fit on remand to vacate the judgment here appealed from, to file a certificate as required by Rule 54(b) and to render a judgment in con-

formity therewith and if the present appellants should appeal to this court from that judgment, if entered, this court would deem it unnecessary to have the parties reprint briefs or appendices. We may not and do not express any opinion as to whether or not there is any "just reason for delay" in the determination of all the claims. See Rule 54(b).

Accordingly the appeal will be dismissed for want of jurisdiction.