## DAVID v. DISTRICT OF COLUMBIA.
### No. 10557.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 3, 1950.

Decided Dec. 14, 1950.

Mr. Richard W. Galiher, Washington, D. C., with whom Messrs. Julian H. Reis, William E. Stewart, Jr., and William H. Clarke, all of Washington, D. C., were on the brief, for appellant.

Mr. Chester H. Gray, Principal Asst. Corporation Counsel, D. C., Washington, D. C., with whom Messrs. Vernon E. West, Corporation Counsel, D. C., and Milton D. Korman, Assistant Corporation Counsel, D. C., Washington, D. C., were on the brief, for appellee.

Before CLARK, BAZELON, and FAHY, Circuit Judges.

FAHY, Circuit Judge.

The appellant, Edward G. David, was one of several defendants in an action brought to recover damages for personal injuries resulting form a fall in front of a building in which David operated a restaurant on the basement level. Under Rule 14, Fed.R.Civ.P., the District Court granted a timely motion by David to bring in the District of Columbia as a third-party defendant. In his third-party complaint David claimed that the alleged injuries had occurred on property belonging to the District of Columbia, that the District was obligated to control and maintain this property in a safe condition, and that the District would be responsible in whole or in part for whatever liability David might sustain as a result of this action. It is from the dismissal of this third-party complaint that this appeal is taken. The other claims involved in the action remained for trial in the District Court.

While neither party denies the existence of jurisdiction to review the order of the District Court on appeal, this court, *sua sponte*, raised the question during oral argument in view of the fact that in dismissing the third-party complaint, the District Court did not (1) make an express determination that there is no just reason for delay, nor (2) expressly direct the entry of judgment on the third-party claim. Amended Rule 54(b)[1] requires that these

1. Rule 54. Judgment; Costs * * *
   "(b) Judgment Upon Multiple Claims. When more than one claim for relief is

presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct

two steps must be taken before a final judgment may be entered upon one or more but less than all of the claims in an action. With the limited exception of certain interlocutory decisions described in § 1292 of the Judicial Code, which is not here applicable, this court has jurisdiction to review judgments of the District Court only when they are final. 28 U.S.C.A. § 1291. The parties were permitted to file supplemental memoranda regarding the effect of rule 54(b) upon the issue of finality.

On this point appellant contends, in effect, that any order which would have been final and appealable prior to the time amended Rule 54(b) took effect on March 19, 1948, retains this same appealable status after that date despite the failure of the District Court to follow the requirements of the amended Rule. In support of this argument appellant cites several cases decided before the amended Rule took effect. He relies principally upon Reeves v. Beardall, 1942, 316 U.S. 283, 62 S.Ct. 1085, 1087, 86 L.Ed. 1478. Under the doctrine of the Reeves case a prior disposition of one of several claims joined in an action was both final and appealable if the adjudicated claim arose out of a "wholly separate and distinct" transaction from the remaining claims.

Assuming, without deciding, that appellant is correct in his contention that this order would be a final one under the Reeves doctrine, we do not think that case is determinative of the present issue. It was decided before March 19, 1948; the effect of the amendment to Rule 54(b) was not there in question. In discussing that amendment in his Commentary, Professor Moore states that, "The Fifth, Sixth, and Eighth Circuits have all recognized that this represents a change in the law, and that an order which would have been final under original Rule 54(b) is not final under

amended Rule 54(b), where the district court does not make the express determination and does not expressly direct entry of judgment as stated above." Moore, Commentary on the Judicial Code (1949), p. 516. The cases cited therein, and later ones, support this statement.

In New Orleans Public Belt R. Co. v. Wallace, 5 Cir., 1949, 173 F.2d 145, for example, the district court had ordered the dismissal of a cross-claim. The order was made shortly after amended Rule 54(b) came into effect, but there, as here, the trial judge had not made the required determination and direction. The Court of Appeals, in ruling on a motion to dismiss the appeal, appeared to agree that under the new amendment the order was not a final one. Since it had been made only shortly after the effective date of the amendment, however, the court exercised the discretion granted by Rule 86(b) not to apply the new provision. Under the old Rule, the dismissal order was found to be final and appealable.

Similarly, the court, in stating an alternate ground for its decision in Kuly v. White Motor Co., 6 Cir., 1949, 174 F.2d 742, 744, assumed, as we do here, that prior to amended Rule 54(b) the dismissal order there in question might have been appealable under the doctrine of Reeves v. Beardall, supra. In regard to this issue the court said, "The Reeves case was decided prior to the amendment of Rule 54(b), which governs here. At that time, the trial court was not required, as it is now, to make an express entry of judgment and an express determination that there is no just reason for delay, in order that final judgment may be entered." The court held that the dismissal was neither final nor appealable.

The two cases, Lockwood v. Hercules Powder Co., 8 Cir., 1949, 172 F.2d 775, and Kam Koon Wan v. E. E. Black, Ltd., 9 Cir.,

the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated,

which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims. As amended Dec. 27, 1946, effective March 19, 1948." 28 U.S.C.A.

1950, 182 F.2d 146, 148, present parallel situations. There the trial court had dismissed the claims of some, but not all, of the plaintiffs who were suing under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., for overtime compensation. That such a dismissal order was appealable in a case arising before the amended Rule took effect is shown by Gibbons v. Equitable Life Assurance Society, 2 Cir., 1949, 173 F.2d 337, 339. In the Lockwood case, however, the Eighth Circuit Court held that the order of dismissal was not appealable or final since the trial judge had not complied with the requirements of Rule 54(b) as amended. Reaching the same conclusion in the Kam Koon Wan case, the Court of Appeals for the Ninth Circuit stated, "The 'determination and direction' mentioned in Rule 54(b) were absent in this case. We therefore cannot say that the judgment was, as to appellant or anyone else, a final judgment."

It follows from these cases that an order which was final before the amendment is not necessarily to be considered final now in the absence of the determination and direction required by amended Rule 54(b). Without going into their various factual situations, Kaufman & Ruderman, Inc. v. Cohn & Rosenberger, 2 Cir., 1949, 177 F.2d 849; Etten v. Kauffman, 3 Cir., 1950, 179 F. 2d 302; Winsor v. Daumit, 7 Cir., 1950, 179 F.2d 475; and Flegenheimer v. Manitoba Sugar Co., 2 Cir., 1950, 182 F.2d 742, also support this proposition.[2]

While the Supreme Court has not yet ruled on this question, the Court did refer to amended Rule 54(b) in Dickinson v. Petroleum Conversion Corp., 1950, 338 U.S. 507, 512, 70 S.Ct. 322, 324. The Second Circuit Court of Appeals, Dickinson v. Mulligan, 173 F.2d 738, had held in that case that a decree of the trial court disposing of a defendant's counterclaim, but leaving other claims pending, was not a final, appealable decision. In reversing this holding, the Supreme Court noted that the decree in question had been made prior to the new Rule 54(b) and remarked, "It [the new Rule] provides an opportunity for litigants to obtain from the District Court a clear statement of what that court is intending with reference to finality, * * *." This remark, and the full discussion given to the question in Winsor v. Daumit, supra, help to clarify a sentence in the Notes of the Advisory Committee concerning the amendment which might be interpreted as supporting appellant's contention that the amendment was meant to affect only those orders that had not been considered final before. The sentence reads, "After extended consideration, it [the Committee] concluded that a retention of the older federal rule was desirable, and that this rule needed only the exercise of a discretionary power to afford a remedy in the infrequent harsh case to provide a simple, definite, workable rule."

While under the "older federal rule" the district court might have entered a final order as to less than all the claims in a multiple claim suit, it was certainly not required to do so. The new Rule 54(b) does not restrict the power of the trial court in this respect. It merely prescribes that the court, if it does choose to enter such a final order, must do so in a definite, unmistakable manner. Otherwise, as the Rule expressly states, such an order " * * * is subject to revision at any time before the entry of judgment adjudicating all the claims." In this limited sense, then, the new Rule does have the effect of rendering an order which might have been deemed "final" before the amendment "not final" afterwards.

As the court in the Winsor case, supra, 179 F.2d at page 477, expresses this principle:

" * * * It would seem to follow that, though it adds certain conditions precedent to the appealability of certain orders of the district court in addition to those previously existing, the rule, possessing the effect of a statute, must, under the provisions of the act authorizing it, take precedence over the former procedure.

"We think, also, that the rule should not

2. But see footnote 4 in Kaufman & Ruderman v. Cohn & Rosenberger, supra, expressing contrary opinion of Judge Frank.

be considered as curtailing appellate jurisdiction but rather as one fixing the procedure of the district court as to conditions affecting terms upon which an appeal may be taken in advance of a determination of the entire case. * * *"

Appellee, the District of Columbia, urges for the court's consideration that the refusal by this court to consider the present appeal will compel it to seek to re-enter the litigation from which it has been dismissed upon its own motion in order fully to protect its interests in the event the dismissal order is subsequently held erroneous. This is a factor which we feel should more properly be addressed to the discretion of the District Court in regard to making the determination and direction required by Rule 54(b).

The appeal, accordingly, is

Dismissed.