**ROBERTS v. AMERICAN NEWS-
PAPER GUILD et al.**

**ROBERTS v. EVENING STAR
NEWSPAPER CO.**

Nos. 10121, 10170.

United States Court of Appeals,
District of Columbia Circuit.

Decided February 26, 1951.

Mr Francis J. Buckley, Jr., Washington, D. C., for appellants.

Mr. Benjamin C. Sigal, Washington, D. C., for appellees, American Newspaper Guild and Washington Newspaper Guild in No. 10121.

Messrs. Edmund L. Jones and O. R. McGuire, Jr., Washington, D. C., entered appearances for appellee, The Evening Star Newspaper Company, in No. 10121.

Mr. O. R. McGuire, Jr., Washington, D. C., with whom Mr. Edmund L. Jones, Washington, D. C., was on the brief, for appellee in No. 10170.

Before STEPHENS, Chief Judge, and WILBUR K. MILLER and FAHY, Circuit Judges.

PER CURIAM.

These two appeals arise from orders of the District Court on a single complaint against several defendants. The appellant Mary-Carter Roberts filed her complaint against the Evening Star Newspaper Co., Inc., the Washington Newspaper Guild, and the American Newspaper Guild, CIO. She had been an employee of the Newspaper Company and a member of the Washington Newspaper Guild, a local labor organization affiliated with the defendant American Newspaper Guild, an international labor organization. The District Court overruled the motion of the local to dismiss and for summary judgment. So far as we are advised the action against the local is accordingly still pending in the District Court. The motion to dismiss filed by the American Newspaper Guild was granted, as was also the motion of the Newspaper Company for judgment on the pleadings. The appeals are from the orders dismissing the complaint as to these two defendants.

After argument and submission of the case we deemed it probable that jurisdiction to consider the appeal was lacking by reason of the provisions of Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., considered by this court in David v. District of Columbia, 88 U.S.App.D.C. ——, 187 F.2d 204. See, also, Felder v. D. Loughran Co., Inc., 88 U.S.App.D.C. ——, 188 F.2d 623. The question was called to the attention of counsel for the parties and leave given to file memoranda. This has been availed of and we have carefully considered the memoranda. We are of the opinion the Rule applies and that in the absence of an express determination by the District Court that there is no just cause for delay and an express direction for entry of judgment, the orders are not now appealable since the action against the local remains pending in the District Court.

Counsel for the appellant, however, suggests that in all the circumstances appellant should be allowed to return to the lower court, obtain the determinations required by the Rule and then return to this Court for decision on the merits. We are referred to Etten v. Kauffman, 3d Cir., 1950, 179 F.2d 302, where the court, after determining that it was obliged to dismiss the appeal, added:

"* * * Should, however, the court below see fit on remand to vacate the judgment here appealed from, to file a certificate as required by Rule 54(b) and to render a judgment in conformity therewith and if the present appellants should appeal to this court from that judgment, if entered, this court would deem it unnecessary to have the parties reprint briefs or appendices. We may not and do not express any opinion as to whether or not there is any 'just reason for delay' in the determination of all the claims. See Rule 54(b)."

Should the District Court on remand make the determination and direction essential to appealability of the orders prior to disposition of all claims in the case, we would be disposed to follow the procedure indicated by the Third Circuit in the Etten case, supra, should that be desired.

The appeals are dismissed for want of jurisdiction.

Dismissed.