## VALE v. BONNETT.

### No. 10790.

United States Court of Appeals.
District of Columbia.

Argued Dec. 14, 1950.

Decided June 7, 1951.

**·335**

Abraham Chaifetz, Washington, D. C., for appellant.

Richard W. Galiher, Washington, D. C., with whom Julian H. Reis, Washington, D. C., was on the brief, for appellee.

Before FAHY and WASHINGTON, Circuit Judges, and KIMBROUGH STONE, Circuit Judge, retired (sitting by designation).

STONE, Circuit Judge.

Clarence Vale brought this suit for negligent injury against Edward Somerville, Howard G. Bonnett, and Mary Borisow. Summary judgment was entered in favor of Borisow, who is not a party to the present appeal. Default was noted against Somerville and referred for inquisition as to damages. Subsequent to the above proceedings, a summary judgment was entered in favor of Bonnett. From that judgment, plaintiff brings this appeal.

During argument, the presiding Judge suggested that amended Rule 54(b), Fed.R.Civ.P., 28 U.S.C.A., had not been followed in the entry of this judgment, in that there had been no "express determination that there is no just reason for delay" and no "express direction for the entry of judgment." Appellant was given time for supplemental brief as to this matter. To this brief is attached copy of an "Order Correcting And Amending Order For Summary Judgment Nunc Pro Tunc," entered after argument here. Upon this order, counsel for both parties had endorsed their consent. The issue thus presented is whether this nunc pro tunc order has so cured the defects in the order as

appealed from that we now may consider the appeal upon the merits.

This issue is determined in favor of retaining this appeal following the action taken in Remington Rand Inc. v. Societe Internationale Pour Participations Industrielles et Commerciales S. A. etc., 88 U.S.App.D.C. 275, 188 F.2d 1011. Prior to the Remington Rand decision, this court had recently considered Rule 54(b) as applied to situations somewhat differing from that presented here.[1] The Remington Rand opinion does not mention this issue but the situation there was the same as here in essentials. In that case, Rule 54(b) had not been complied with at the time of appeal but, after the appeal had been docketed here, a nunc pro tunc order (similar to the one here) had been procured and there was consent thereto by all parties. This court, in considering that appeal on the merits, obviously held that Rule 54(b) had been sufficiently complied with.

In the present case the order sustaining the motion for summary judgment stated that "the complaint be, and is hereby *finally* dismissed" (italics supplied). This, with expressions in an opinion filed by the trial court, is sufficient basis for a nunc pro tunc order as to the matters contained in this amendatory order. While we do not consider the securing of such an order good practice, at least in the relatively early stage of the general enforcement of Rule 54(b) we shall hear the appeal rather than remand and require the parties to start anew.

The issue on the merits is whether any unresolved genuine material issue of fact was present in this record when the summary judgment was entered. For determination of this issue, resort must be made to the pertinent pleadings, the pre-trial proceedings and two affidavits filed in support of the motion for summary judgment, having in mind the legal requirements applicable to such an issue.

The pertinent legal requirements are well stated by Judge Fahy in Dewey v.

**1.** Roberts v. American Newspaper Guild also Roberts v. Evening Star Newspaper Company, 88 U.S.App.D.C. 231, 188 F. 2d 650; Felder v. D. Loughran Co., Inc.,

88 U.S.App.D.C. 139, 188 F.2d 623; David v. District of Columbia, 88 U.S.App. D.C. 92, 187 F.2d 204.

Clark, 86 U.S.App.D.C. 137, 180 F.2d 766. After an extensive review of decisions of the Supreme Court, of this court, and of some other circuits, Judge Fahy stated them as follows: "Our study of the question makes the following points clear: (1) Factual issues are not to be tried or resolved by summary judgment procedure; only the existence of a genuine and material factual issue is to be determined. Once it is determined that there is such an issue summary judgment may not be granted; (2) In making this determination doubts (of course the doubts are not fanciful) are to be resolved against the granting of summary judgment; (3) There may be no genuine issue even though there is a formal issue. Neither a purely formal denial nor, in every case, general allegations, defeat summary judgment. On this point the cases decided by this court must rest on their own facts rather than upon a rigid rule that an assertion and a denial always preclude the granting of summary judgment. Those cases stand for the proposition that formalism is not a substitute for the necessity of a real or genuine issue. Whether the situation falls into the category of formalism or genuineness cannot be decided in the abstract; (4) If conflict appears as to a material fact the summary procedure does not apply unless the evidence on one or the other hand is too incredible to be accepted by reasonable minds or is without legal probative force even if true; (5) To support summary judgment the situation must justify a directed verdict insofar as the facts are concerned." 86 U.S.App.D.C. at page 143, 180 F.2d at page 772.

In the light of these requirements, we turn (a) to the pleadings and the pre-trial record for the issues in the case; and (b) to those and the affidavits for the state of facts.

(a) The petition alleges injury to plaintiff by being struck by a falling extension ladder while he was walking on a public sidewalk in Washington City; that the ladder (owned by Somerville) had been placed against the building (occupied by Bonnett as lessee) by Somerville at the request of Bonnett for the purpose of repairing a store sign belonging to Bonnett; that the ladder was under the "exclusive care, custody and control of the defendants" (Somerville, Bonnett and Borisow); that the "ladder had been placed against the building in a negligent manner, and had been left unattended; that the falling of said ladder as aforesaid was due to the negligence of the defendants."

Bonnett answered denying sufficiency of the petition and, alleging lack of knowledge as to the "circumstances surrounding plaintiff's injuries," denied the complaint as applied to him. In a cross-claim against Somerville, he alleged that Somerville was performing the work under a contract with him whereby Somerville used his own equipment and employees over which and whom Bonnett had no control.

The pre-trial record—stating the "Nature of Case"—sets forth the above negligence allegations and that "plaintiff also relies on *res ipsa loquitur.*" Also, "As against defendant, Bonnett, it is claimed that as tenant who employed the defendant, Somerville, to repair the sign, there was a duty to see that work was safely done or that protection was afforded against accident and not to permit any unsafe condition on the public sidewalk." Defendant, Bonnett, claims an oral contract with Somerville, as an independent contractor, to paint a neon display sign on the building and that no supervision of the work by Bonnett was intended or required. Also, Bonnett denied negligence and application of *res ipsa loquitur.*

(b) Two affidavits were filed in support of the "Motion for Summary Judgment, or for Judgment on the Pleadings." One, by Bonnett, stated he had made a contract with Somerville (three or four days before this accident) to paint a neon display sign located in the front, outside of this shop. That this contract provided that Somerville was "to furnish his own equipment, materials and employees." That "affiant consequently had no control, or right of supervision over the said Somerville or his employees." That affiant was out of the city the day of the accident. On information and belief, that an employee of Somerville placed a ladder belonging to Somerville

"outside of affiant's premises, to be used in performing said painting contract," which ladder fell and struck plaintiff.

The other affidavit, by Esther Bonnett, stated she was in the shop on the date of the accident and that a ladder belonging to and being used by an employee of Somerville to paint a sign on the front of the shop fell to the pavement and struck plaintiff.

These pleadings and pre-trial statements present three issues: (1) application of res ipsa loquitur,[2] (2) negligence of Somerville, and (3) liability of Bonnett for negligence of Somerville.

(2) As to the issue of the negligence of Somerville. That is denied by Bonnett. The issue is open as to him. The default judgment against Somerville, obtained with no consent by Bonnett, does not foreclose the right of Bonnett to challenge that issue since the liability charged against him is founded upon that negligence. He is entitled to his day in court thereon. Both as to Bonnett and plaintiff, this is a vital issue of fact. The material facts as to such issue are entirely absent from this record. Therefore, the case must for this reason be reversed (as not properly situated for summary judgment) unless Bonnett is not liable for the negligence of Somerville.

(3) Liability of Bonnett for negligence of Somerville. This issue involves two sub-issues: the existence of an independent contract relationship between Bonnett and Somerville; and, even if Somerville was an independent contractor, the liability of Bonnett for the acts of Somerville because of the character of the work to be done by Somerville and the place where it was being done.

The existence of an independent contract is denied and the allegations in the answer are brief and consist largely of conclusions. Standing alone the pleadings would raise the issue (Garrett Biblical Institute v. American University, 82 U.S.App. D.C. 263, 265, 267, 163 F.2d 265, 267) but are not very helpful as statements of fact in connection with ruling on the motion for a summary judgment. The cross-claim and the affidavit by Bonnett are more factual. The substance of these is that three or four days before this occurrence, Bonnett contracted orally with Somerville, for consideration, to paint the neon sign, the latter to furnish his own equipment, materials and employees, and that Bonnett had no control or supervision over Somerville, his equipment or employees.[3]

The place of affidavits in connection with summary judgment was examined and stated in Dewey v. Clark, supra. After discussing authorities, Judge Fahy announced the rule that "affidavits may be considered to ascertain whether an issue of fact is presented but they cannot be used as a brief to decide the fact issue." 86 U.S. App.D.C. at p. 143, 180 F.2d at p. 772.[4] But we need not decide whether the pleadings and affidavits left a genuine issue of fact regarding the existence of an independent contractor relationship between Somerville and Bonnett, since in any event summary judgment in favor of the latter was erroneous for other reasons. Therefore the independent contractor question can await determination on the remand. It can be resolved then upon evidence, including the important right of cross-examination, to ascertain the real oral arrangement between Bonnett and Somerville respecting this work.

**2.** (2) We are not prepared to say in the present state of the record that this is a proper case for the application of the doctrine *res ipsa loquitur*. If at the trial it should be revealed that the case is one for such application then of course it will be open to the plaintiff to urge the doctrine. Cf. Johnson v. United States, 333 U.S. 46, 48, 68 S.Ct. 391, 92 L.Ed. 468; Sweeney v. Erving, 228

U.S. 233, 240, 33 S.Ct. 416, 57 L.Ed. 815.

**3.** The short affidavit of Esther Bonnett was that plaintiff was struck by the fall of a ladder which belonged to Somerville and was being used in painting the sign.

**4.** In this announcement, Judge Fahy expressly followed Hunter v. Mitchell, 86 U.S.App.D.C. 121, 122, 180 F.2d 763, 764.

The issue as to liability of Bonnett for negligence of Somerville, even if the latter was an independent contractor, is presented by the contentions of plaintiff that the work (alleged to be inherently dangerous and being performed over a public sidewalk) had resulted in the creation of a condition unsafe to pedestrians using the sidewalk. Therefrom, plaintiff urges that Bonnett could not delegate to Somerville his duty to protect the public using the sidewalk from negligent injury in the performance of this work.

The decisions as to liability of an owner or of a tenant for injuries caused by negligence of his independent contractor are far from harmonious. Nevertheless, it is safe to conclude that any such liability must rest upon a duty imposed by written law (statutory or municipal ordinance) or upon the character of the work in relation to the place of performance.[5] Sometimes, the decisions are based upon creation of a nuisance. Such situation is not revealed in the record before us. Our case is that of the place (public city sidewalk) and the character of the work (painting a sign on the front of the store).

Both parties rely upon Bailey v. Zlotnick, 80 U.S.App.D.C. 117, 149 F.2d 505, as stating the law applicable in this jurisdiction. Appellant states his construction of that decision as follows: "that an employer of an independent contractor is liable for the negligence of his independent contractor where the latter negligently discharges a 'non-delegable duty' which the employer owes to the person injured; and further, that if the negligence of the independent contractor results in an unsafe condition of the premises, his employer is liable to a person injured." Applying this rule to the facts here, appellant states that Bonnett "was under a duty to the plaintiff and other pedestrians lawfully using the public sidewalk in front of his premises, *not to create an unsafe condition on the premises either permanent or temporary by any affirmative action on his part. This was a

*nondelegable duty."* (emphasis appellant's); that, at a time when "no work was in progress," an employee of the independent contractor created an unsafe condition by negligently leaving unattended an extension ladder he had negligently placed on the sidewalk against the front of the building; and that this unsafe condition was caused and created by affirmative action of Bonnett who wanted his sign painted and engaged the contractor to do it.

The construction of the Bailey case and its application here is stated by appellee thus: "As the Bailey case, supra, points out a distinction is made between the negligent manner of work, and the condition of the premises resulting from the negligence. The owner of a building is not to be held responsible for negligence of an employee of an independent contractor in the careless handling of tools, such as was the case here." Also, "Cases which involve injuries due to a condition of the premises, or to injuries received in the performance of inherently dangerous work, and not as the result of a collateral act of negligence, which is the basis of plaintiff's claim here, should be considered by the Court only in distinguishing them from the situation existing here."

The Bailey case presented the issue of liability of a landlord to a tenant for personal injury caused by negligent repair of the leased premises by an independent contractor. The broad rule announced there is equally applicable to the situation here. That rule is that: " * * * The landlord was, nevertheless, under a duty not to create an unsafe condition on the premises either permanent or temporary by any affirmative action on his part. * * *

"The landlord's duty does not extend to a negligent act of a person who is on the premises but who is not his direct agent, unless that act results in an unsafe condition. Therefore, had the contractor injured the tenant by dropping a pipe there would have been no liability. This rule is expressed in the Restatement by the as-

---

5. Excellent collection and discussion of numerous cases are found in 27 Am.Jur., 515 et seq.; 18 A.L.R. 801 et seq.; 23 A.L.R. 984–1014, 1016–1081 and 1084–1135. Also see Fowler v. Saks, 7 Mackey 570, 18 D.C. 570, 7 L.R.A. 649, 654.

sertion that the landlord is not liable where the negligence of the independent contractor 'consists solely in the improper manner in which the contractor does the detail of the work'. In other words, a distinction is made between the negligent manner of the work and the condition of the premises which results from the negligence. It is only for the latter that the landlord is liable". 149 F.2d at page 506.[6]

We apply this rule, having in mind that our concern is limited to determining the propriety of entering a summary judgment and confined, as we must be, to the facts as shown in the record before us in reaching such determination.

" 'Danger' is a relative term". Drennen Co. v. Jordan, 181 Ala. 570, 61 So. 938, 939, 23 A.L.R. 981. Inherently dangerous may be defined as "unusually hazardous". 23 A.L.R. 1099. However, it also is a relative term depending upon the entire situation under examination. On the meager facts here, we cannot state that the placing of this ladder and leaving it unattended—in and of themselves alone—created an inherently dangerous situation.[7] A fuller revelation of the facts may or may not change this conclusion. In such situation, a substantial issue of fact exists as to this.

Whether leaving this ladder unattended created an unsafe condition—as distinguished from an inherently dangerous condition—is not clear on the facts in this record. Much more must be developed. Here, we have only that an extension ladder being used to paint a sign on this building was placed against the side of the building from the sidewalk and, while so placed and unattended, it fell striking the plaintiff. The facts here are hardly the bare bones which would guide to the outline of the body of the situation which resulted in this occurrence.

Applying the before cited requisites justifying summary judgments, as stated by Judge Fahy in Dewey v. Clark, supra, we determine: that there are material factual issues to be tried; that those issues are genuine and not merely formal; that those issues are not resolved by the facts before us; and that a directed verdict should not be entered on the record here. Therefore, the judgment of the trial court was error and the case is

Reversed and remanded for trial.[8]

---

6. Also see Fowler v. Saks, supra.

7. Compare Press v. Penny, 242 Mo. 98, 145 S.W. 458, 18 A.L.R. 794; Davis v. John L. Whiting & Sons Co., 201 Mass. 91, 87 N.E. 199, 18 A.L.R. 782; Regan v. Superb Theatre, Inc., 220 Mass. 259, 107 N.E. 984; Drennen Co. v. Jordan, 181 Ala. 570, 61 So. 938, 23 A.L.R. 981; Weilbacher v. J. W. Putts Co., 123 Md. 249, 91 A. 343.

8. Two matters in the briefs are not considered because neither is in the record here.

One is a reference, by appellant, to a Regulation promulgated by the District Commissioners requiring a permit before "painting" such a sign. Appellant states there is no showing whether or not such permit was secured. There appears no such issue in this record.

The other is a statement, by appellee, that "Counsel for appellant admitted to the Court that he had no information to contradict the position taken by appellee that Somerville was an independent contractor." We find no such admission in the "Appendix" (to the brief of appellant) which is the record here.