## MAIZEL v. EPSTEIN.
### No. 11053.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 14, 1951.

Decided April 10, 1952.

Benjamin B. Brown, Washington, D. C., with whom Samuel B. Brown and Nathan M. Brown, Washington, D. C., were on the brief, for appellants.

Julius Aronoff, Washington, D. C., for appellee.

Before WILBUR K. MILLER, BAZE-LON and WASHINGTON, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

Molly Epstein sued Jack Plotkin, Samuel Maizel and Mary M. Maizel in the United States District Court for the District of Columbia for $15,400, the alleged unpaid balance of a promissory note. Plotkin and Maizel, in separate but identical answers, alleged they had been adjudicated bankrupts in the Eastern District of Virginia, and stated the erroneous conclusion that the mere adjudication had discharged the plaintiff's claim against them. Mrs. Maizel's answer, which is not in the record before us, apparently presented some other defense. All three defendants filed separate but similar counterclaims against the plaintiff for $40,000 damages for malicious prosecution alleged to have been initiated on or about November 14, 1950.

The plaintiff, Mrs. Epstein, moved to strike the counterclaims of the two male defendants, on the ground that they had been adjudicated bankrupts on November 21, 1950, and that therefore any rights of action in their favor which had arisen theretofore passed to their trustees. Following the filing of this motion, the District Court dismissed the two counterclaims.

Plotkin and Maizel appeal, saying the court erred in dismissing their counterclaims on the ground indicated, because a right of action for the personal tort of malicious prosecution is not assignable under Virginia law, and does not pass to the victim's trustee when he is later adjudicated a bankrupt.

Other questions are implicit in the record: (a) did the court prematurely dismiss the counterclaims, since the bankrupts might have been able to prove that the rights of action against Mrs. Epstein had been listed as assets in their schedules and had been relinquished to them by their trustees;[1] and (b) did the court err, at least as far as comity is concerned, in dismissing the counterclaims without first causing notice of the nature and pendency of the action to go to the referee in bankruptcy, thus affording him an opportunity, if he thought it proper, to direct the trustees to intervene and ask to be substituted for the bankrupts as counterclaimants or, if the cases had been closed and the trustees discharged, to reopen the proceedings and appoint trustees for that purpose?

We do not reach any of these questions, as the appeal must be dismissed for the reason now stated. There were involved in this action Mrs. Epstein's claim against the three defendants, and their three separate counterclaims against her. The order of the District Court, from which this appeal is taken and which dismissed the counterclaims of the two bankrupts, left pending and undetermined Mrs. Epstein's claim and Mrs. Maizel's counterclaim. "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim," Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides that

"* * * the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

In the order here involved the District Court did not make the express determination of no just cause for delay, and did not give the express direction, which are spoken of in Rule 54(b). The order is therefore subject to revision at any time before the entry of a judgment adjudicating Mrs. Epstein's claim against the three

---

1. Plotkin and Maizel did not expressly so allege but, under a liberal construction of their answers and counterclaims, they could have offered such proof, were it available.

defendants and all three counterclaims against her. Not being final, the order is not appealable, so this appeal therefrom must be dismissed. Roberts v. American Newspaper Guild, 1951, 88 U.S.App.D.C. 231, 188 F.2d 650; Felder v. D. Loughran Co., 1951, 88 U.S.App.D.C. 139, 188 F.2d 623; David v. District of Columbia, 1950, 88 U.S.App.D.C. 92, 187 F.2d 204. Cf. Vale v. Bonnett, 1951, 89 U.S.App.D.C. 116, 191 F.2d 334, 335. Doubtless the District Court, before proceeding further, will cause its clerk to give the suggested notice to the referee in bankruptcy in the Eastern District of Virginia before whom the bankruptcy proceedings were conducted.

Appeal dismissed.