## FELDER v. D. LOUGHRAN CO., Inc.
### No. 11136.

United States Court of Appeals
District of Columbia Circuit.

Argued March 13, 1952.

Decided April 10, 1952.

---

Mr. Sidney M. Goldstein, Washington, D. C., with whom Messrs. Joseph D. Bulman and Nathaniel Goldberg, Washington, D. C., were on the brief, for appellant.

Mr. W. Cameron Burton, Washington, D. C., with whom Mr. Thomas B. Heffelfinger, Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, PRETTYMAN and FAHY, Circuit Judges.

PER CURIAM.

Appellant was plaintiff in the District Court in an action against the appellee and certain individuals who are not involved in this appeal. He sought damages alleged to have resulted from injuries suffered when an automobile, operated by one of the defendants,[1] struck him as he was walking along a public sidewalk in Washington. The complaint alleges this occurred as the automobile was being backed across the sidewalk in a negligent and careless manner. The appellee, however, was joined solely on the theory that it "permitted and maintained a dangerous condition in that the parking lot adjacent to said defendant's premises from which defendant, Joseph S. Dibble, was backing the automobile * * * was so constructed as to permit no other means of exit except backing across the public sidewalk. * * *" It was alleged that the appellee was under a duty to maintain guards or personnel to guide and direct vehicles from the lot over the sidewalk, which it failed to do.

The District Court on motion dismissed the complaint as to the appellee, and entered an appropriate order under Rule 54, Fed.Rules Civ.Proc., 28 U.S.C.A., which permits appellant to obtain review of the order of dismissal notwithstanding the other claims in suit, against the individual defendants, have not been adjudicated. When this case was here on an earlier appeal, 1951, 88 U.S.App.D.C. 139, 188 F.2d 623, the order required by Rule 54 had not been entered.

The bare allegations which we have quoted, which constitute the entire specification of the alleged permission and maintenance of a dangerous condition by this appellee, do not add up to actionable negligence chargeable to appellee.

The judgment of the District Court accordingly is

Affirmed.

---

1. The complaint alleges that he is also agent of the other individual defendants.