Miguel PONS, Appellant,

v.

REPUBLIC OF CUBA, Appellee.

No. 15861.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 4, 1961.

Decided March 9, 1961.

Mr. Harold J. Nussbaum, Washington, D. C., with whom Mr. Nathan M. Lubar, Washington, D. C., was on the brief, for appellant.

Mr. Joseph A. Fanelli, Washington, D. C., argued for appellee. On Mr. Fanelli's motion filed subsequent to argument he was allowed to withdraw as counsel for appellee, and Mr. Leonard B. Boudin, New York City, entered his appearance for appellee.

Mr. Isadore G. Alk, Washington, D. C., filed a brief on behalf of the First Nat. Bank of New York, as amicus curiae.

Before EDGERTON, BAZELON, and BURGER, Circuit Judges.

PER CURIAM.

Appellee, the Republic of Cuba, filed in the District Court a claim against appellant Pons for $120,000. Pons and a bank in which he had funds deposited $56,-454.72 in the court's registry, as ordered by a preliminary injunction entered by consent. He demanded credit for the balance, $63,545.28, as having been paid by him in discharge of a debt of Cuba; and counterclaimed for $66,500 as the value of property in Cuba which he alleged the Cuban government had taken from him without compensation. On two motions of Cuba, the District Court entered this single order: "ORDERED: (1) that defendant's counterclaim be and is hereby dismissed for failure to state a claim upon which relief can be granted; and (2) that the Clerk is directed to pay the $56,454.72 now on deposit in the Registry of the Court to plaintiff, the Republic of Cuba."

This order left pending and undecided Cuba's claim for the $63,545.28 of its funds which Pons said he had used in payment of a debt of Cuba. Rule 54(b), F.R.Civ.P. [28 U.S.C.A.] provides that "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that

there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims * * *." The District Court's order contained no express determination that there is no just reason for delay and no express direction for the entry of judgment. Therefore the order is not a "final judgment" on any claim.

It follows that this court has no jurisdiction to review any part of the order and this appeal must be dismissed. David v. District of Columbia, 88 U.S. App.D.C. 92, 187 F.2d 204; Felder v. D. Loughran Co., 88 U.S.App.D.C. 139, 188 F.2d 623; Maizel v. Epstein, 90 U.S.App. D.C. 328, 196 F.2d 44. "Should, however, the court below see fit on remand to vacate the judgment here appealed from, to file a certificate as required by Rule 54(b) and to render a judgment in conformity therewith and if the present appellant * * * should appeal to this court from that judgment, if entered, this court would deem it unnecessary to have the parties reprint briefs or appendices. We may not and do not express any opinion as to whether or not there is any 'just reason for delay' in the determination of all the claims." Etten v. Kauffman, 3 Cir., 1950, 179 F.2d 302–303. Roberts v. American Newspaper Guild, 88 U.S.App.D.C. 231, 232, 188 F.2d 650, 651.

Dismissed.

BURGER, Circuit Judge (concurring).

I concur with the majority but I would emphasize what we pointed out in Roberts v. American Newspaper Guild, 1951, 88 U.S.App.D.C. 231, 232, 188 F.2d 650, 651:

"Should the District Court on remand make the determination and direction essential to appealability of the orders prior to disposition of all claims in the case, we would be disposed to follow the procedure indicated by the Third Circuit in the Etten case, supra, should that be desired."