Viola CHVALA, Appellant

v.

D. C. TRANSIT SYSTEM, INC., Appellee.

Ann BAKER, Appellant

v.

D. C. TRANSIT SYSTEM, INC., Appellee.

Nos. 15949, 15950.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 27, 1961.

Decided June 8, 1961.

**520**

Mr. Francis J. Ortman, Washington, D. C., with whom Mr. Arthur E. Neuman, Washington, D. C., was on the brief, for appellants.

Mr. Frank F. Roberson, Washington, D. C., with whom Mr. Jeremiah C. Collins, Washington, D. C., was on the brief, for appellee. Mr. John P. Arness, Rockville, Md., also entered an appearance for appellee.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

On January 12, 1957, an automobile owned by Ernesto Regalado and driven by Carlos Sauma collided with a streetcar loading platform on Wisconsin Avenue in the District of Columbia, veered off, and crashed into a tree. One of the passengers, Victoria Krizman, was killed; another passenger, Ann Baker, was seriously injured. Action was brought in the District Court by Baker and by Krizman's administratrix against Regalado, Sauma and D. C. Transit System, Incorporated. A default judgment was entered against the defendant Sauma. Defendant Transit—the sole appellee here —moved for and was granted a directed verdict, on the ground that the loading platform, though used by its vehicles, was not its responsibility to maintain. Plaintiffs then secured a mistrial as to the remaining defendant, Regalado, and brought the instant appeals from the verdict and judgment in favor of Transit.[1] The action against Regalado is still pending.

A motion to dismiss the appeals was made by appellee upon the ground that the appeals are premature, no orders having been entered by the District Court in conformity with Fed.R.Civ.P. 54 (b).[2]

We think Rule 54(b) is applicable and that the appeals must be dismissed for the reason that the judgment in favor of Transit is not final and appealable in the absence of the express determination and direction referred to in the Rule. We first considered Rule 54(b) in David v. District of Columbia, 88 U.S.App.D.C. 92, 187 F.2d 204. Though we did not there hold that "more than one claim for

---

1. Our No. 15949 was filed by appellant Chvala as administratrix of the estate of Victoria Krizman; No. 15950 was filed by appellant Ann Baker. The purpose of seeking a mistrial as to Regalado, plaintiffs explained to the court, was to defer trial as to him until this court had passed on the appeals from the directed verdict for D. C. Transit.

2. Fed.R.Civ.P. 54(b), 28 U.S.C.A., in its present form, without proposed amendments now pending as hereinafter set forth, provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

relief" existed when a claim was against more than one party based on injuries alleged to be attributable to their negligence, that is, against joint tortfeasors, we left the door open to such a construction. In Felder v. D. Loughran Co., 88 U.S.App.D.C. 139, 188 F.2d 623, redecided on second appeal at 90 U.S.App. D.C. 324, 196 F.2d 239, we did hold the Rule applicable to such a situation. And see Vale v. Bonnett, 89 U.S.App.D.C. 116, 191 F.2d 334; Williams v. Protestant Episcopal Theological Seminary, 91 U.S. App.D.C. 69, 198 F.2d 595; Pabellon v. Grace Line, Inc., 2 Cir., 1951, 191 F.2d 169. In Gold Seal Co. v. Weeks, 93 U.S. App.D.C. 249, 209 F.2d 802, however, this court used language which in its context might be read as construing the Rule not to be applicable in such a factual situation. It was there indicated that such a case presented but one claim within the meaning of the Rule. This view has found favor in several circuits.[3]

That our application of the Rule in Felder was correct is, we think, now made clear by the Amendments to Rule 54(b) adopted by the Supreme Court April 17, 1961. These Amendments were prepared by the Advisory Committee on Civil Rules and reported to the Court by the Judicial Conference of the United States. They are now pending before the Congress pursuant to 28 U.S.C. § 2072 (1958), and are proposed to become effective July 19, 1961. The Amendments would cause the Rule to read as follows:

"Rule 54. Judgments; Costs"

"(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determina-

tion that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

While the Amendments thus adopted by the Supreme Court do not conclusively demonstrate that the Court intended the Rule to be applied in its original terms as we applied it in Felder, the Amendments, and the Advisory Committee's Note accompanying them, are on the whole sufficiently indicative of such an intention to lead us to adhere to Felder.

■ As we said in dismissing the appeal in Southern Parkway Corp. v. Lakewood Park Corp., 106 U.S.App.D.C. 372, 373, 273 F.2d 107, 108, for lack of jurisdiction due to the absence of the express determination and direction required by Rule 54(b):

"If the District Court sees fit to vacate its judgment and render substantially the same judgment in conformity with Rule 54(b), and if an appeal is taken from that judgment, the parties need not reprint briefs or appendices. Roberts v. American Newspaper Guild, supra. Etten v. Kauffman, 179 F.2d 302 (3 Cir.)."

See, also, Pons v. Republic of Cuba, 110 U.S.App.D.C. 67, 288 F.2d 879; Roberts v. American Newspaper Guild, 88 U.S.App.D.C. 231, 188 F.2d 650.

In adopting the above procedure we notice in the Advisory Committee's Note accompanying the Amendments to Rule 54(b) the Committee's reference to the provisions of 28 U.S.C. § 1292(b), added

---

3. See Advisory Committee's Note accompanying Amendments adopted by the Supreme Court of the United States April 17, 1961.

in 1958, permitting certain interlocutory appeals. The reference is as follows:

"There has been some recent indication that interlocutory appeal under the provisions of 28 U.S.C. § 1292(b), added in 1958, may now be available for the multiple-parties cases here considered. See Jaftex Corp. v. Randolph Mills, Inc., 282 F.2d 508 (2d Cir., 1960). The Rule 54(b) procedure seems preferable for those cases, and § 1292(b) should be held inapplicable to them when the rule is enlarged as here proposed. See Luckenbach Steamship Co., Inc. v. H. Muehlstein & Co., Inc., 280 F.2d 755, 757 (2d Cir., 1960); 1 Barron & Holtzoff, supra, § 58.1, p. 321 (Wright ed. 1960)."

Dismissed.

DANAHER, Circuit Judge, *dubitante*.

For present purposes I can *assume* that Rule 54(b) is applicable. Since the District Judge did not make "an express determination that there is no just reason for delay," our duty is to dismiss the appeal. Felder v. D. Loughran Co., 1951, 88 U.S.App.D.C. 139, 188 F.2d 623, and 1952, 90 U.S.App.D.C. 324, 196 F.2d 239; Maizel v. Epstein, 1952, 90 U.S.App.D.C. 328, 196 F.2d 44.

Congress and the courts have long exhibited a fixed antipathy to "piecemeal" appeals. See Sears, Roebuck & Co. v. Mackay, 351 U.S. 427, 440 et seq., 76 S.Ct. 895, 902, 100 L.Ed. 1297, concurring opinion, Frankfurter, J. 28 U.S.C. § 1291 confers jurisdiction upon this court with respect to "final" decisions of the District Court. Congress in 28 U.S.C. § 1292(b) has made an exception, and an interlocutory appeal may be permitted provided that two specified steps shall have been taken. First, if the District Judge be of the opinion that his order involves a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal is necessary, "he shall so state in writing in such order." No such step was taken. Second, application within ten days of the District Court's order must be made to this court and permission be obtained for an appeal from the order. No such step was taken.

On the foregoing grounds, so clearly appearing from this record, I submit that the appellee's motion to dismiss should be granted—without more.