**KINCAID & KING CONSTRUCTION COMPANY, Inc., a corporation, Appellant,**

v.

**The UNITED STATES of America, for the Use of William OLDAY, Continental Casualty Company, a corporation, and United States Fidelity & Guaranty Company, a corporation, Appellees.**

**No. 16519.**

United States Court of Appeals Ninth Circuit.

Feb. 21, 1962.

D. A. Burr, G. F. Boney, Anchorage, Alaska, James Ratcliffe, San Francisco, Cal., for appellant.

John E. Manders, Anchorage, Alaska, Arthur Grunbaum, Solie M. Ringold, Seattle, Wash., for appellee Continental Cas. Co.

Before CHAMBERS, HAMLIN and KOELSCH, Circuit Judges.

HAMLIN, Circuit Judge.

An action under the Miller Act, 40 U.S.C.A. §§ 270a–270d, was filed in the United States District Court for the Territory of Alaska by the United States for the use of William Olday, appellee herein, against Kincaid & King Construction Company and others for moneys alleged to be due to Olday as a subcontractor of Kincaid & King, the general contractor. Kincaid & King filed an answer denying the allegations of the complaint and a counterclaim (erroneously designated below as a cross-complaint) seeking damages from Olday by reason of alleged breaches of Olday's subcontractor obligations in the sum of $74,534.97. A few weeks later with the court's permission

---

Kincaid & King filed a third-party complaint against Continental Casualty Company, the surety on Olday's performance bond, seeking damages in the exact sum mentioned in the counterclaim. In addition, the third-party complaint prayed "for judgment against each of said parties [Olday and Continental] in such amount as these defendants may be held liable in pending or future suits brought by creditors of the said William Olday * * *."

After a trial by the court judgment was rendered in favor of Olday and against Kincaid & King for $30,000, and the court dismissed Kincaid & King's complaint against Continental Casualty Company with prejudice. From an examination of the record it does not appear, either from the findings of fact or judgment of the court, that the district court made any disposition or determination of Kincaid & King's counterclaim against Olday.

■ Upon entry of the judgment Kincaid & King appealed to this court. We have determined that we have no jurisdiction over the appeal.

A final judgment in the district court is the necessary predicate for appellate jurisdiction in a case of this sort. 28 U.S. C.A. § 1291. Rule 54(b) of the Federal Rules of Civil Procedure provides that there is no final judgment when in a suit where multiple claims are presented the district court fails to dispose of all the claims.[1] Since there has been no disposition of the appellant's counterclaim in this case by the district court there is no final judgment upon which to base appellate jurisdiction, and it is necessary to dismiss the appeal. This is the well settled rule of this circuit[2] and of other circuits.[3]

■ If this case should return to this court from the United States District Court for the District of Alaska after a disposition of all the claims has been made, in accordance with our regular practice in like cases, the parties on a new appeal may rely on the record and briefs already filed with this court and with the record properly supplemented such additional briefs may be filed as seem necessary or appropriate.[4]

The appeal is dismissed.

1. Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:
"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

2. E.g., Matanuska Valley Lines v. Neal, 229 F.2d 136, 16 Alaska 42 (9th Cir. 1955) and Walter W. Johnson Co. v. Reconstruction Finance Corp., 223 F.2d 101 (9th Cir. 1955).

3. Pons v. Republic of Cuba, 110 U.S.App. D.C. 67, 288 F.2d 879 (1961); Republic of China v. American Express Co., 190 F.2d 334 (2d Cir. 1951); Winsor v. Daumit, 179 F.2d 475 (7th Cir. 1950); Etten v. Kauffman, 179 F.2d 302 (3d Cir. 1950); and see 6 Moore, Federal Practice ¶ 54.35 [1] (2d ed. 1953, Supp. 1961).

4. E. g., Walter W. Johnson Co. v. Reconstruction Finance Corp., 223 F.2d 101 (9th Cir. 1955).