**Dominic NOVAK, Appellee**

v.

**CAPITAL MANAGEMENT AND DE-VELOPMENT CORPORATION,**
et al., Appellants.

No. 07–7129.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 14, 2008.

Patrick Michael Regan, Regan, Zambri & Long, Washington, DC, for Appellee.

Brian Evan Hoffman, Jeffrey R. Schmieler, Saunders & Schmieler, Silver Spring, MD, for Appellants.

Before: HENDERSON, RANDOLPH and GARLAND, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. It is

**ORDERED** and **ADJUDGED** that the appeal be dismissed for lack of jurisdiction.

Generally, the jurisdiction of courts of appeals is limited to appeals from "final decisions of the district courts." 28 U.S.C. § 1291; *see Cambridge Holdings Group, Inc. v. Federal Ins. Co.,* 489 F.3d 1356, 1359 (D.C.Cir.2007); *Outlaw v. Airtech Air Conditioning & Heating, Inc.,* 412 F.3d 156, 159 (D.C.Cir.2005). The finality of a decision in a case involving multiple claims or parties is governed in part by Federal Rule of Civil Procedure 54(b), which specifies that a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay," and that "[o]therwise, any order or other decision ... that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties." Fed.R.Civ.P. 54(b)

The district court decision from which the appellants appeal did adjudicate all of the plaintiff's claims against the appellants, but it did not adjudicate the appellants' cross-claims against Minh Quang Ta, Minh Cong Ta, Bandasack Khamvongsa, and Tuan A. Nguyen, which remain pending in that court. Accordingly, we lack jurisdiction to hear the appeal of that decision unless and until the cross-claims are adjudicated or the district court makes the certification specified in Rule 54(b). We must therefore dismiss the instant appeal.

We note that the parties have advised this court that they agree that the pending cross-claims should be dismissed. In light of this agreement, it should be possible for the parties expeditiously to file a consent motion to dismiss the cross-claims in the district court, and for that court expeditiously to adjudicate the motion and enter a final judgment as to all of the claims and parties (or to make the necessary Rule 54(b) certification). If that is accomplished, and if the appellants then expeditiously file a notice of appeal within 30 days of the date of this judgment, this court—in the interest of sparing the parties further expenditure of resources—will permit the parties to proceed on the new appeal on the basis of the briefs and record previously submitted and on the oral argument previously heard. *See Chvala v. D.C. Transit Sys., Inc.,* 293 F.2d 519, 521 (D.C.Cir.1961); *Pons v. Republic of Cuba,* 288 F.2d 879, 880 (D.C.Cir.1961); *see also* 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2660, at 152–53 & n. 19 (3d ed.1998). It is therefore

**FURTHER ORDERED** that if, within 30 days from the date of this judgment, the district court enters a final judgment or Rule 54(b) certification and the appellants file a notice of appeal, this court will permit the parties to proceed on the basis of the briefs and record previously submitted and the oral argument previously heard. In that event, the parties are directed to notify this court upon the filing of the notice of appeal.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to issue the mandate forthwith. *See* D.C.CIR. R. 41(a)(1).