Kenneth M. DECKER and Constance M. Decker, Appellants,

v.

DREISEN–FREEDMAN, Inc., a corporation, Dreisen and Freedman, Inc., a corporation, and Joseph Snyder, Appellees.

No. 1792.

Municipal Court of Appeals for the District of Columbia.

Argued May 28, 1956.

Decided July 20, 1956.

John Henry Fallon, Washington, D. C., with whom John B. Prebilich, Washington, D. C., was on the brief, for appellants.

H. Max Ammerman, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Plaintiffs (now appellants) filed a complaint for damages for trespass to their real property, naming as defendants Dreisen-Freedman, Inc., a corporation, Dreisen and Freedman, Inc., a corporation, and Joseph Snyder, alleged to be the agent of the first named corporation. Although a single answer was filed on behalf of "the defendants" there was evidence at trial tending to show that the defendant Dreisen and Freedman, Inc., did not exist. However, at the close of plaintiffs' evidence the court directed a verdict in favor of both corporate defendants. At the close of the entire case a verdict was also directed in favor of Sny-

---

2. Krupshaw v. W. T. Cowan, Inc., D.C.Mun.App., 61 A.2d 624, and case cited.

der, the individual defendant. Thereafter a motion for new trial was granted as to Snyder, but denied as to the corporations. Notice of appeal was served upon the attorney "for all defendants." Both briefs filed here indicate that the two corporations and Snyder are appellees. Obviously no appeal was taken from the order granting a new trial as to Snyder and quite as obviously a nonexistent corporation cannot be here on appeal.

The "appellees", whoever they may be, have moved to dismiss the appeal because the action remains pending and undecided as to Snyder and the trial court in entering judgment for the corporations did not make the express determination and direction required by the trial court's Rule 54(b) [the same as Fed.R.Civ.P. 54(b), 28 U.S.C.A.] in order to make the judgment final and appealable. Appellants argue that they have only one claim for relief as against several joint tort-feasors and that Rule 54(b) is applicable only to cases of multiple claims.

The question of the applicability of Federal Rule of Civil Procedure 54(b) to multiple parties as well as multiple claims has been a subject of considerable discussion.

See United Artists Corp. v. Masterpiece Productions, 2 Cir., 221 F.2d 213; Steiner v. 20th Century-Fox Film Corporation, 9 Cir., 220 F.2d 105; Mackey v. Sears, Roebuck & Co., 7 Cir., 218 F.2d 295. See also Moore's Federal Practice § 54.34 (2d ed.). Two recent decisions of the Supreme Court of the United States, Sears, Roebuck & Co. v. Mackey, 76 S.Ct. 895, and Cold Metal Process Company v. United Engineering & Foundry Company, 76 S.Ct. 904, throw some light on the subject, but do not fully answer the question as they dealt only with multiple claims actions and not multiple party actions.

We believe we are foreclosed from entering into this interesting discussion by a series of decisions of the United States Court of Appeals for the District of Columbia Circuit.[1] Under those decisions we think we must hold that Rule 54(b) is applicable here whether this case be considered as presenting multiple claims or only a single claim against several joint tort-feasors. We therefore hold that in the absence of the express determination and direction the judgment is not final and appealable.[2]

Appeal dismissed.

1. Williams v. Protestant Episcopal Theological Seminary, 91 U.S.App.D.C. 69, 198 F.2d 595, certiorari denied 344 U.S. 864, 73 S.Ct. 105, 97 L.Ed. 670; Vale v. Bonnett, 89 U.S.App.D.C. 116, 191 F. 2d 334; Felder v. D. Loughran Co., 88 U.S.App.D.C. 139, 188 F.2d 623; Roberts v. American Newspaper Guild, 88 U.S.App.D.C. 231, 188 F.2d 650; David v. District of Columbia, 88 U.S.App.D.C. 92, 187 F.2d 204. See also Gold Seal Co. v. Weeks, 93 U.S.App.D.C. 249, 209 F.2d 802; Capital Transit Company v. District of Columbia, 96 U.S.App.D.C.

199, 225 F.2d 38; Henry Fuel Company, Inc., v. Whitebread, D.C.Cir., 236 F.2d 742.

2. If Rule 54(b) is not applicable because only a single claim is involved, the judgment is still nonappealable because then it would be only a partial adjudication of a single claim. Prior to Rule 54(b), "In cases involving multiple parties where the alleged liability was joint, a judgment was not appealable unless it terminated the action as to all the defendants." Sears, Roebuck & Co. v. Mackey, 76 S.Ct. 895, 898, footnote 3.