**Michael KAPNECK, Appellant,**

v.

**Milton Theodore ROSENFIELD, Appellee.**

No. 1832.

Municipal Court of Appeals for the District of Columbia.

Argued July 30, 1956.

Decided Oct. 1, 1956.

---

1. Code 1951, 4–160.

Jack Politz, Washington, D. C., for appellant.

David Kayson, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This action was commenced by appellant against the Property Clerk of Metropolitan Police Department to recover $500 then in the custody of the clerk and alleged to rightfully belong to appellant. The Property Clerk answered that the money was deposited with him as the proceeds of a crime and that its ownership was disputed, and asked leave to deposit the money in court for final determination of ownership. In addition to appellant three others made claims to the fund. One claimant apparently abandoned its claim and when the case came on for hearing three parties—appellant, Milton T. Rosenfield and Blanche Y. Rosenfield—made claims to the fund. On appellant's opening statement of his claim the court directed a verdict "for the defendant." It is not clear who was "the defendant," as the Property Clerk, the original defendant, was no longer in the case. However, it is made clear by the Reporter's transcript that the court decided against the claim of appellant, but did not determine the claims of either Milton or Blanche Rosenfield.

Municipal Court Rule 54(b), like Federal Rule of Civil Procedure 54(b), 28 U.S.C.A., provides: "When more than one claim for relief is presented in an action, * * * the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Here each of three parties was making claim to a fund. The court ruled against one of those claims but made no ruling as to the other two. Obviously this case comes within the purview of Rule 54(b), and as there was no express determination or direction in accordance with the

rule, the judgment is not final and therefore not appealable.[1]

We may add that it would not have been proper for the court to have made the determination and direction under Rule 54(b), because piecemeal trials and piecemeal appeals are not to be encouraged. We also add, although we are dismissing the appeal, that we think it was error to direct a verdict against appellant on his opening statement and we suggest to the trial court that at the new hearing all claimants, including appellant, be given opportunity to fully present their claims in order that there may be a final determination of ownership of the fund.

Appeal dismissed.

1. Decker v. Dreisen-Freedman, Inc., D.C.Mun.App., 124 A.2d 311.