## GOLDEN COMMISSARY CORPORATION and William G. Carter, Appellants,

### v.

### Carl L. SHIPLEY, Appellee.

### No. 2019.

Municipal Court of Appeals for the District of Columbia.

Argued July 2, 1957.

Decided July 30, 1957.

Rehearing Denied Aug. 13, 1957.

H. Clay Espey, Washington, D. C., for appellants.

1. Code 1951, § 16–403.

2. D.C.Mun.App., 133 A.2d 470.

Donald H. Dalton, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Golden Commissary Corporation and William G. Carter, its treasurer and general manager, in a single count complaint, sued Carl L. Shipley, a local attorney, for alleged unlawful maintenance, malicious use of process, and malicious prosecution. Shipley moved to dismiss on the grounds (1) that the complaint failed to state a claim upon which relief could be granted, and (2) that plaintiffs failed to join an indispensable party. This appeal is from an order granting his motion to dismiss as to malicious use of process and malicious prosecution, the motion having been overruled as to unlawful maintenance.

■ Our first problem is to determine whether this is an appealable order. Municipal Court Civil Rule 54(b)[1] provides that when more than one claim for relief is presented in an action, final judgment may be entered upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay, and upon an express direction for entry of judgment. In the absence of such determination and direction, the order is not final but is subject to revision at any time before the entry of judgment adjudicating all of the claims.

■■ Appellants contend that the court erred in granting the motion to dismiss as to malicious abuse of process and malicious prosecution, in view of the fact that this was a "one count" complaint. But a reading of the complaint very definitely indicates that more than one cause of action was alleged. In their brief appellants "seek authoritative clarification by this Court for the guidance of the Municipal Court * * *."[2] This we have no authority to do. As we have stated before, our jurisdiction, with exceptions not here material, is limited to review of final orders and judgments.[3] Here, the action remains pending and undecided as to the claim of alleged unlawful maintenance. Since the court did not make the express determination and direction required by the rule for entry of final judgment, the order is not final and the appeal must be dismissed.[4]

Appeal dismissed.

---

1. This is substantially the same as Fed. R.Civ.P. 54(b), 28 U.S.C.A.

2. Appellants' brief, p. 5.

3. Code 1951, § 11–772.

4. Roberts v. American Newspaper Guild, 1951. 88 U.S.App.D.C. 231, 188 F.2d 650; Kapneck v. Rosenfield, D.C.Mun.App. 1956, 125 A.2d 512; Decker v. Dreisen-Freedman, Inc., D.C.Mun.App.1956, 124 A.2d 311, and cases cited therein.