Beverly Dawson SAGER, Appellant,

v.

Charles D. SAGER, Appellee.

Nos. 2186–2188.

Municipal Court of Appeals for the
District of Columbia.

Argued May 12, 1958.

Decided June 12, 1958.

William J. Garber, Washington, D. C.,
for appellant. George Schmiedigen, Washington, D. C., also entered an appearance
for appellant.

Frederick H. Livingstone, Washington,
D. C., for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was defendant in three actions
for the value of merchandise or services
alleged to have been furnished her. In
each action she denied owing the amount
claimed, but admitted having received or
purchased something "as agent for her
husband"; and in each action she brought
in her husband (from whom she is separated) as third-party defendant asking judgment against him in the event that judgment "in any manner" was recovered
against her. On the husband's motion the

third-party complaint in each action was dismissed. She has appealed from these orders of dismissal.

On argument here we raised the question of appealability because it appeared that the claims in the principal actions remained undisposed of and the trial court in dismissing the third-party complaints did not make the express determination and direction required by its Rule 54(b), the same as Federal Rule of Civil Procedure 54(b), 28 U.S. C.A., to make the orders final and appealable. See Decker v Dreisen-Freedman, Inc., D.C.Mun.App., 124 A.2d 311.

Appellant was granted leave to file a memorandum on this question, and has now filed a motion for leave to file a supplemental record consisting of a *nunc pro tunc* order of the trial court, entered after argument here, making express determination and direction under Rule 54(b).

▇▇▇ Two questions are presented: (1) Whether to allow the record to be supplemental, and (2) whether, if so supplemented, the *nunc pro tunc* order would have the effect of making the original orders final and appealable. An almost identical procedure was permitted in Vale v. Bonnett, 89 U.S.App.D.C. 116, 191 F.2d 334, but the court there characterized the securing of the *nunc pro tunc* order as not good practice and permitted it only because of the relatively early stage of the enforcement of Rule 54(b). We also hold that such procedure is not good practice and we do not feel that this case justifies its allowance. The Third Circuit has gone so far as to hold that the trial court is without jurisdiction to enter such an order, holding that "the court below was without jurisdiction to enter any order which would affect the status of the appeal." District 65, etc. v. McKague, 3 Cir., 216 F.2d 153, 155.

Appellant has cited a number of other cases as supporting the practice followed here, but the procedure in those cases was entirely different. There the appellate court remanded the case with permission to the trial court, if it saw fit, to make the de-

termination, thus giving an opportunity for an appeal from the amended and final order. For instances of this type of procedure see Roberts v. American Newspaper Guild, 88 U.S.App.D.C. 231, 188 F.2d 650; Republic of China v. American Express Co., 2 Cir., 190 F.2d 334; Etten v. Kauffman, 3 Cir., 179 F.2d 302; Burkhart v. United States, 9 Cir., 210 F.2d 602.

Our conclusion is that even if the trial court had jurisdiction to enter the *nunc pro tunc* order, and even if the filing of it here as a supplemental record would give us jurisdiction to hear the appeal as from a final order, the circumstances here do not warrant our approval of such procedure.

Accordingly the motion for leave to file a supplemental record is denied, and the appeals are dismissed for lack of a final order.