Kenneth M. DECKER and Constance M. Decker, Appellants,

v.

DREISEN–FREEDMAN, INC., a corporation, Dreisen and Freedman, Inc., a corporation, and Joseph Snyder, Appellees.

No. 2145.

Municipal Court of Appeals for the District of Columbia.

Argued April 21, 1958.

Decided July 25, 1958.

John Henry Fallon, Washington, D. C., with whom John B. Prebilich, Washington, D. C., was on the brief, for appellants.

H. Max Ammerman, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellants instituted this suit against appellees seeking compensatory and punitive damages for alleged acts of trespass to realty. At the close of appellants' evidence the court directed a verdict in favor of both corporate defendants, and after all the evidence directed a verdict for the individual defendant Snyder. Appellants then moved for a new trial as to all parties and the court granted the motion as to Snyder and denied it as to the corporations. We dismissed an appeal as being premature when appellants sought review of the judgment in favor of the corporations prior to the new trial as to Snyder. See Decker v. Dreisen-Freedman, Inc., D.C. Mun.App., 124 A.2d 311. The new trial resulted in a directed verdict in favor of Snyder. The present appeal brings for review the directed verdicts in favor of the corporations on the first trial and the directed verdict in favor of Snyder on the new trial. There are many assignments of error but we deal first with the question of the direction of verdicts. From a review of the lengthy transcript the facts appear to be as follows. Appellants, husband and wife, were owners of a home located in Southeast Washington. Sometime in May 1952 construction of an apartment building was begun on adjoining property and in the course of such construction a series of trespasses were committed on appellants' property for which damages are now sought. That the acts were done has not been disputed by appellees. It is their contention that the evidence failed to show that they or any of them committed the acts of trespass. We shall treat the case against each appellee separately.

■ As to Joseph Snyder: The evidence indicated that Snyder was agent of the individuals Oscar Dreisen and Gerald Freedman; that he did not actively participate in the construction of the apartment building, but was at times seen about the site in an apparent supervisory capacity. The appellant Mrs. Decker testified that Snyder directed the workmen in their construction, but on cross-examination she admitted that the basis of her conclusion was merely his presence around the workmen. Apart from some conversations had by appellants with Snyder relative to certain of the alleged trespasses, there was no evidence to link him with the trespasses. From appellants' brief it appears that they would hold Snyder liable merely because he had entered upon appellants' property while engaging in the aforementioned conversations. We cannot agree that this admitted entry, coupled with the above-mentioned testimony, was sufficient evidence to require the submission of Snyder's liability to the jury.

■ As to Dreisen-Freedman, Inc.: There was offered in evidence from the official records of the District of Columbia the following: A building permit for the apartment house issued to "Dreisen-Freedman" on the application of Dreisen-Freedman, Inc., in which application the name of the builder was stated to be Dreisen-Freedman, Inc.; and in connection with such application a drawing of the steel stairs and rails for the building prepared for Dreisen-Freedman, Inc., a water per-

mit for building purposes issued to Dreisen-Freedman, Inc., and an application relating to parking space for the building in which the applicant named was Dreisen-Freedman, Inc. This evidence was offered as proof of the activity of Dreisen-Freedman, Inc., in the construction of the building. The trial court excluded it on the ground that there was no showing that the application for the building permit was filed by authority of Dreisen-Freedman, Inc. The application was signed in the name of Dreisen-Freedman, Inc., by one Dreyfuss as "authorized agent."

These documents were admissible because, first, they are public records kept by a public official; second, because the District of Columbia building code (Art. 201–03a) requires that an application for a building permit be signed by the owner of the property or his authorized agent; and third, because there is no contention that the apartment house was constructed under any other permit. Without anything to the contrary, these documents would permit an inference by a jury that Dreisen-Freedman, Inc., took an active part in the construction of the building and the trespasses on appellants' land in connection with and resulting from such construction. We also hold that a letter from appellants' counsel to Dreisen-Freedman, Inc., complaining of the trespasses was admissible, not as evidence of the truth of the statements contained in it, but to show that complaint was made to Dreisen-Freedman, Inc. As admitted by its secretary, it received the complaint and someone in its office proceeded to remove a dead tree from appellants' property. This action, unexplained, would tend to show some admission of responsibility by Dreisen-Freedman, Inc., for the condition of appellants' property. If, as it contends, Dreisen-Freedman, Inc., neither owned the land nor built the building, it should be able to prove this without great difficulty. It was error to direct a verdict in its favor without evidence on its part.

It is argued that the directed verdicts were justified because there was insufficient proof of the extent of damages. In case of actual injury to realty resulting from trespass the measure of damages is the difference between the value of the realty before the injury and its value after the injury. Appellants offered evidence to meet this standard. In any event, proof of trespass would warrant recovery of nominal damages.

As to Dreisen and Freedman, Inc.: Although counsel filed an answer on behalf of all named defendants, at trial it was contended that there was not and never had been in existence a corporation by the name of Dreisen and Freedman, Inc. If that is true, such name should be stricken from the pleadings, but it was not proper to direct a verdict in favor of a non-existing party.

Judgment in favor of appellee Snyder affirmed. Judgments in favor of Dreisen-Freedman, Inc., and Dreisen and Freedman, Inc., reversed, with instructions to grant a new trial.