Gilbert **PATTERSON**, Sr., etc., Plaintiff,

v.

George C. **WHITE** et al., Defendants.

Civ. A. No. 1258–69.

United States District Court, District of Columbia.

Aug. 31, 1970.

Bruce R. Harrison, Seat Pleasant, Md., for plaintiff.

Frank J. Martell, Galiher, Stewart & Clarke, Washington, D. C., for The Branch Avenue Full Gospel Church.

MEMORANDUM AND ORDER

PARKER, District Judge.

Plaintiff is the acting and qualified administrator of his minor son's estate. On January 18, 1969, the son fell to his death into a fifteen-foot-deep window-well on the property of the defendant The Branch Avenue Full Gospel Church while fleeing from some allegedly vicious dogs. Plaintiff filed a complaint for wrongful death on May 14, 1969,[1] against the owners of the animals and against Messrs. Robert Pandolfi, Felix Rizzo, and Domenico Tropea, trustees of the Church. The dogs' owners were served and have filed an answer. Unsuccessful endeavors were made to secure service of process on the trustees on several occasions between May 14 and September 9, 1969. Thereafter, plaintiff took no action in the case until March 2, 1970, when motions were made to extend Local Rule 13[2] and to amend the complaint. Both motions were granted on the same day and the amended complaint filed on March 5, 1970. The amended complaint deleted the defendant trustees and substituted therefor the corporation The Branch Avenue Full Gospel Church, whose registered agent was Domenico Tropea, one of the trustees.

The defendant Church was served on March 19, 1970, through its agent Tropea. Defendant Church then responded with the Motion for Summary Judgment which is the subject of this opinion. For the reasons indicated herein, the relief sought by the defendant should be granted.

The defendant Church argues that the statute of limitations for an action in wrongful death is one year and that it was not served within a

---

1. Pursuant to the Wrongful Death Act, D.C.Code § 16–2701 et seq. (1967 Ed.).

2. "Dismissal for Failure to Prosecute," Rule 13 of the United States District Court Rules for the District of Columbia. Had plaintiff not so moved, his case would have been subject to dismissal for failure to take any action within a six-month period.

year of the date of the decedent's death.[3] Plaintiff points to Rule 15(c) of the Federal Rules of Civil Procedure.[4] Defendant replies that since neither it nor its trustees were ever served, no notice reached it, and therefore Rule 15(c) is of no assistance to plaintiff. As support defendant cites Harris v. Stone, 115 F.Supp. 531 (D.C.D.C. 1953). There the defendant's name appeared incorrectly in the original complaint (Augustus Stone, instead of J. Austin Stone). Service was attempted at defendant's home but refused under the erroneous name. After the statute of limitations had run, plaintiff attempted to amend the complaint to reflect defendant's correct name contending that the action related back to the filing of the first complaint. Amendment of the complaint was denied, the Court feeling that in the absence of service, no facts had been presented which would suggest any reason why the statute of limitations had not run. The case seems harsh. Perhaps today a similar fact pattern would produce a different result, in the light of the 1966 amendment to the Rule,[5] which clarified that notice is to be liberally construed.

The liberal construction is illustrated by cases such as Meredith v. United Air Lines, 41 F.R.D. 34 (S.D.Cal.1966). There, after the statutory time had elapsed plaintiff discovered that a third party, Lockheed Aircraft Co., hitherto unknown to her, was probably responsible for some portion of her injuries. An amended complaint was filed adding Lockheed as an additional defendant and the Court ruled that the complaint related back in time to the filing of the first complaint. While Lockheed had never been served or contacted in any way by the plaintiff, the Court found that they were aware of the plaintiff's injuries because they had participated in a hearing held by the Civil Aeronautics Board on the incident which caused them and had reason to anticipate involvement in her action.

Applying these principles to the instant case, the Court informed the parties at a hearing on the motion that the failure to serve the defendant trustees was not of itself dispositive of the motion before it. Plaintiff was requested to determine whether the Church or the trustees received notice by any other means, and whether the trustees and the Church knew or had reason to know of the action being brought against them. At a further hearing held some two months later, plaintiff was able to show that the trustees and the Church were aware of the occurrence of an accident involving the minor, but was unable to produce any evidence of their awareness or knowledge of the extent of the Church's alleged involvement, or the institution and existence of legal action prior to May 14, 1970. Absent such a showing, the Court must declare that the statute of limitations has run as to the defendant, and it is this 31st day of August, 1970,

Ordered, that the Motion of defendant Branch Avenue Full Gospel Church for Summary Judgment, shall be and hereby is, granted.

3. D.C.Code § 16–2702.

4. *"Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

5. The second sentence in footnote 4, *supra,* is a part of the 1966 amendment.