**Philip C. EXTON, a/k/a Phillip C. Exton, Appellant,**

v.

**GENERAL ELECTRIC CREDIT CORPORATION, and C. W. F. Corporation, t/a Sun Radio Company, Appellees.**

No. 6190.

District of Columbia Court of Appeals.

Argued March 21, 1972.

Decided May 22, 1972.

Dale L. Button, Bethesda, Md., for appellant.

Harvey L. Zuckman, Washington, D. C., with whom Harry Protas, Robert L. Kay and Jordan M. Spivok, Chevy Chase, Md., were on the brief for appellee General Electric Credit Corp.

Jay W. Freedman, Washington, D. C., was on the brief for appellee C. W. F. Corp.

Before FICKLING, NEBEKER and PAIR, Associate Judges.

PER CURIAM:

This appeal is from two orders entered in an action brought against appellant to recover payments in default on an installment sales contract.

The first order entered August 17, 1970 [1] dismissed, for failure to state a claim upon which relief could be granted, third-party complaints filed by appellant against General Electric Credit Corporation and C. W. F. Corporation, t/a Sun Radio Company. The second order entered September 30, 1971 dismissed, as barred by the statute of limitations, the third-party complaints as amended and refiled. Finding that neither of the two orders possesses the requisite finality, the appeal is premature.

*Order of August 17, 1970*

Upon the initial filing of the third-party complaints, timely summonses issued and were delivered to the United States Marshal for service. Through no fault of appellant, the third-party complaint against appellee General Electric Credit Corporation was attached to the summons served upon appellee C. W. F. Corporation, t/a Sun Radio Company, and the complaint against C. W. F. Corporation was attached to the summons served upon General Electrict Credit Corporation.

---

1. This order was entered by the District of Columbia Court of General Sessions (now the Superior Court of the District of Columbia).

Respective counsel for appellees being aware of the mistake, each in his answer interposed as a defense that the third-party complaint failed to state a claim upon which relief could be granted.

After completion of protracted discovery procedures, the case was brought on for pretrial and it was then disclosed to the trial court and to appellant, for the first time, that mistakes had been made by the marshal in the service of process.

The trial court thereupon made the order entered August 17, 1970, which in pertinent part reads:

The third party complaints against General Electric Credit and Sun Radio have been dismissed by the Court for failure to state a claim, in that complaints were served on the wrong parties.

)
[Appellant] has the right to re-file, dismissal being without prejudice.

.    .    .    .    .    .

If General Electric Credit Corp. and Sun Radio, Inc. are re-served, the cases should be joined with this case for purposes of trial. . . .

*Order of September 30, 1971*

Appellant on October 29, 1971 filed amended third-party complaints against appellee General Electric Credit Corporation and appellee C. W. F. Corporation, t/a Sun Radio Company, which, with summonses, were served upon the proper parties. It appears however that, during the pendency of the third-party complaints as originally filed and prior to the entry on August 17, 1970 of the order dismissing such third-party complaints, for failure to state a claim upon which relief could be granted, the statute of limitations had run against the claims made in the third-party complaints as amended and refiled.

On motions by appellees, the third-party complaints as amended and refiled were, by the order entered September 30, 1971, dismissed as barred by the statute of limitations. This appeal followed.

In determining whether we have jurisdiction of the appeal, we must look to GS Civ. Rule 54(b) and D.C.Super.Civ.Rule 54(b) which are controlling with respect to any judgment entered in an action involving multiple claims and parties.[2]

What appears from the record without any serious question is that neither the order of August 17, 1970 nor the order of September 30, 1971, both of which are challenged by this appeal disposed of all the claims against all of the parties involved in the action. Moreover, there is no showing that all the claims have been disposed of by any other order. Absent, therefore, "an express determination that there is no just reason for delay" and "an express direction for the entry of judgment" as required by Rule 54(b), *supra*, neither of the two orders is final for the purpose of an appeal. It follows, therefore, that the ap-

2. GS Civ.Rule 54(b) was identical to D.C.Super.Civ.Rule 54(b) which reads: Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims of parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

peal must be and is hereby dismissed. Sager v. Sager, D.C.Mun.App., 143 A.2d 91 (1958). *Compare* Sears, Roebuck and Co. v. Goudie, D.C.App., 290 A.2d 826 (decided May 12, 1972).

Because the orders challenged by the appeal lack finality and for this reason remain open for revision as permitted by D.C.Super.Civ.Rule 54(b), the dismissal of the appeal is necessarily without prejudice to appellant's right to seek reinstatement of the third-party complaints as originally filed so as to permit pursuant to D.C.Super. Civ.Rules 4(h) and 15(a) and (c), any amendments which may be indicated so as to cure the defect in service. *Cf.* Patterson v. White, 51 F.R.D. 175 (D.D.C.1970); Lynch v. American Motorists Ins. Co., 101 F.Supp. 946 (N.D.Tex.1951).

Appeal dismissed.